Reyes Hercules v. Garland

Reid, IJ
A205 487 165

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24ᵗʰ day of May, two thousand twenty-two.

PRESENT:
JOSEPH F. BIANCO,
WILLIAM J. NARDINI,
STEVEN J. MENASHI,
*Circuit Judges.*

———————————————————————

OSCAR MISAEL REYES HERCULES,
*Petitioner*,

v.

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
*Respondent.*

20-3353
NAC

———————————————————————

FOR PETITIONER: Perham Makabi, Esq., Kew Gardens, NY.

FOR RESPONDENT: Brian Boynton, Acting Assistant Attorney General; John S. Hogan, Assistant Director; Lindsay Corliss, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a decision of an Immigration Judge ("IJ"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED for lack of jurisdiction.

Petitioner Oscar Misael Reyes Hercules, a native and citizen of Honduras, seeks review of a September 21, 2020, decision of an IJ concurring with the Department of Homeland Security's finding that Reyes Hercules did not establish a reasonable fear of persecution or torture. *In re Oscar Misael Reyes Hercules*, No. A205 487 165 (Immig. Ct. N.Y. City Sept. 21, 2020). We assume the parties' familiarity with the underlying facts and procedural history.

Although neither Reyes Hercules nor the Government challenges our jurisdiction, "federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Bhaktibhai-Patel v. Garland*, No. 19-2565, --- F.4th ---, 2022 WL 1230819, at *4 (2d Cir. Apr. 27, 2022). We have jurisdiction to review petitions for review filed within 30 days of a "final order of removal." 8 U.S.C. § 1252(a)(1), (b)(1).

2

We lack jurisdiction here. Reyes Hercules's October 2020 petition for review is not timely from the IJ's 2012 removal order or the Department of Homeland Security's August 2020 reinstatement of that order. *See* 8 U.S.C. § 1252(b)(1); *Bhaktibhai-Patel*, 2022 WL 1230819, at *7-8; *see also Luna v. Holder*, 637 F.3d 85, 92 (2d Cir. 2011) ("Th[e] 30-day filing requirement is jurisdictional and is not subject to equitable tolling." (quotation marks omitted)). A reasonable fear determination in withholding-only proceedings, such as the IJ's order challenged here, does not constitute a final order of removal because it does "not determine whether the alien is deportable or order[] deportation," or "affect the validity of any determination regarding an alien's deportability or deportation." *Bhaktibhai-Patel*, 2022 WL 1230819, at *7 (quotation marks omitted).

For the foregoing reasons, the petition for review is DISMISSED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

3